# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHOTOMEDEX, INC., a Delaware Corporation,<br><br>             Plaintiff,<br>     vs.<br>RA MEDICAL SYSTEMS, INC., a California Corporation, and DEAN IRWIN, an individual,<br><br>             Defendant. | CASE NO. 08-CV-2224 WQH<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss filed by Defendants RA Medical Systems, Inc. and Dean Irwin. (Doc. # 5).

## BACKGROUND

On December 2, 2008, Plaintiff, Photomedex Inc. (Photomedex), filed this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that Photomedex did not act with malice in bringing an underlying federal action against the Defendant, RA Medical Systems (RA Medical), and an order restraining RA Medical from instituting any action against Photomedex for malicious prosecution based upon the underlying federal action. *Complaint*, p. 5. The Complaint alleges that on October 30, 2008, RA Medical issued a press release "announcing the filing of a lawsuit against PhotoMedex for malicious prosecution based on the Underlying Federal Action." *Id.* at 3. The Complaint alleges that RA Medical has not served Plaintiff with the malicious prosecution complaint and that any lawsuit

1  for malicious prosecution by RA Medical would be premature and subject to dismissal on the
2  grounds that the underlying federal action is still pending on appeal. *Id.* The Complaint
3  alleges that RA Medical threatened a malicious prosecution lawsuit in order to damage
4  Photomedex's business and did so by issuing the press release on the same day that
5  Photomedex had scheduled an earnings call with investors. *Id.* The Complaint seeks a
6  declaratory judgment declaring that Photomedex did not act with malice in bringing and
7  pursuing the underlying federal action. *Id.* at 4.

8        The Complaint alleges that on January 6, 2004, Photomedex filed the underlying federal
9  action against RA Medical for alleged violations of Section 1125 of the Lanham Act and
10 Business and Professions Code Sections 17500 and 17200 in the United States District Court,
11 Southern District of California, case number 04CV24. *Complaint*, p. 2. The Complaint alleges
12 that on October 29, 2007, the District Court granted RA Medical's motion for summary
13 judgment in the underlying federal action on grounds that Photomedex lacked standing to
14 pursue the claims asserted. *Id.* The Complaint alleges that after the Court granted RA
15 Medical's motion for summary judgment, RA Medical filed a motion pursuant to Section 35(a)
16 of the Lanham Act, seeking attorney's fees in the amount of $280,000; and that the court
17 denied the motion for attorney's fees, holding that Photomedex "presented legitimate
18 arguments and that there was no showing that the claims by Photomedex were groundless,
19 unreasonable, vexatious, or brought in bad faith." *Id.* at 2-3. The Complaint alleges that an
20 appeal in the underlying federal action has been filed, but that the Court of Appeals has not yet
21 scheduled oral arguments. *Id.* at 3.

22       On December 23, 2008, RA Medical filed the Motion to Dismiss this action, pursuant
23 to Federal Rules of Civil Procedure, Rules 12(b)(1) and 12(b)(6). (Doc. # 5). On January 12,
24 2009, Photomedex filed the Opposition to the Motion to Dismiss. (Doc. # 6). On January 16,
25 2009, RA Medical filed a Reply in Support of the Motion to Dismiss. (Doc. # 10).

26                               **CONTENTIONS OF THE PARTIES**

27       RA Medical contends that this declaratory judgment action filed by Photomedex should
28 be dismissed for lack of subject matter jurisdiction and failure to state a claim because the

1  action fails to meet the requisite amount in controversy, fails to state a justiciable claim ripe
2  for adjudication, and presents no actual case or controversy.
3        Photomedex contends that the requisite amount in controversy is satisfied because RA
4  Medical previously sought over $280,000 in attorney's fees resulting from the underlying
5  federal action.[1] Photomedex contends that an actual controversy ripe for adjudication exists
6  before this Court because RA Medical has threatened Photomedex with a malicious
7  prosecution lawsuit in an attempt to damage its business.

## DISCUSSION

**I. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

**Amount in Controversy**

      A suit may be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure where there is a "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for 'federal-question' jurisdiction, § 1332 for 'diversity of citizenship' jurisdiction." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); 28 U.S.C. §§ 1331-1332. "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $ 75,000." *Arbaugh*, 546 U.S. at 513 (citing 28 U.S.C. §§ 1331-1332). The party which invokes jurisdiction bears the burden of demonstrating its existence. *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994).

      RA Medical asserts that this Court lacks subject matter jurisdiction on the grounds that the Complaint fails to show that the claim meets the requisite amount in controversy. RA Medical contends that this Court does not have subject matter jurisdiction because Photomedex has failed to allege the $75,000 amount in controversy required under 28

---

[1] On January 12, 2009, Photomedex, pursuant to Federal Rules of Evidence 201(c) and (d), filed a request for judicial notice of the district court's order denying RA Medical's motion for attorney's fees in the underlying federal action. (Doc. # 7). The Court takes judicial notice of the document.

1 U.S.C. § 1332(a)(1). RA Medical contends that Photomedex does not seek monetary
2 damages but seeks only an equitable determination through the Declaratory Relief Act,
3 under 28 U.S.C. § 2201. RA Medical contends that Photomedex cannot assert that
4 $280,000 in attorney's fees from another unrelated lawsuit satisfies the controversy
5 requirement for this lawsuit.

6 Photomedex asserts that the amount in controversy requirement is satisfied because
7 RA Medical previously sought attorney's fees in excess of $280,000 in the underlying
8 federal action. Photomedex asserts that the attorney fees from the underlying federal action
9 satisfy the amount in controversy requirement in the present declaratory judgment action
10 because it is this amount that is at stake in the pending state malicious prosecution case.
11 Photomedex asserts that this Court has subject matter jurisdiction because the amount in
12 controversy threshold has been met by the value of the underlying litigation, that is, the
13 $280,000 in attorney's fees sought by RA Medical, which exceeds the requisite $75,000
14 under 28 U.S.C. § 1332.

15 The courts have held that "[i]n actions seeking declaratory or injunctive relief, it is
16 well established that the amount in controversy is measured by the value of the object of
17 the litigation." *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977).
18 Attorney's fees may be included in the amount in controversy determination "where an
19 underlying statute authorizes an award of attorney's fees." *Galt G/S v. JSS Scandinavia*,
20 142 F.3d 1150, 1156 (9th Cir. 1998); *see also Surber v. Reliance Nat'l Indem. Co.*, 110 F.
21 Supp. 2d 1227, 1232 (N.D. Cal. 2000). Under California malicious prosecution law, "the
22 measure of compensatory damages for the malicious prosecution of a civil action includes
23 attorney fees and court costs for defending the prior action." *Bertero v. Nat'l Gen. Corp.*
24 1974 13 Cal.3d 43, 59; *see also Crowley v. Katleman* 1994 8 Cal.4th 666, 688.

25 As a result of the underlying federal action, RA Medical unsuccessfully sought
26 attorney's fees in excess of $280,000. (Doc. # 7). According to the Complaint filed in
27 state court for malicious prosecution, RA Medical seeks compensatory damages, including
28 damages in the form of attorney fees, as a result of being maliciously prosecuted by

1 Photomedex in the underlying federal action.[2]  As stated in *Bertero*, the Court may consider
2 attorney fees from a prior action when measuring compensatory damages for malicious
3 prosecution cases.  The Court concludes that Photomedex has made a prima facie showing
4 that attorney's fees from the underlying federal action satisfy the requisite amount in
5 controversy for this declaratory judgment action.

**Case or Controversy**

RA Medical contends that Photomedex "seeks an advisory opinion from this Court in an effort to preempt Defendants' malicious prosecution action in state court." *Mot. to Dismiss*, p. 7.  RA Medical contends that the "issue is not ripe for adjudication by this Court because the malicious prosecution lawsuit filed against Photomedex is pending in State Court," and, "there is no actual case or controversy for this Court to adjudicate." *Id.* at 2.  RA Medical contends that "[a]ny actual controversy that exists between Plaintiff and Defendants exists in state court." *Id.*

Photomedex contends that declaratory judgment is proper because an actual and substantial controversy exists between the parties.  Photomedex contends that a "declaration that there was no malice involved in the underlying federal action would effectively dispose of the entire controversy between the parties, because a finding of malice is a prerequisite to obtaining any recovery for alleged malicious prosecution." *Opposition*, at 7.  Photomedex asserts that an actual controversy ripe for adjudication exists between the parties because the press release threatened a malicious prosecution lawsuit and asserts that a declaratory judgment on the matter would be proper at this time.

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).
The Declaratory Judgment Act does not by itself confer subject matter jurisdiction on the

---

[2] On December 23, 2008, RA Medical, pursuant to Federal Rules of Evidence 201(c) and (d), filed a request for judicial notice of the complaint for malicious prosecution filed in San Diego Superior Court, case no. 37-2008-00094953-CU-CP-CTL.  (Doc. # 5, Ex. A).  The Court takes judicial notice of the document.

1  federal courts. *Sanford v. Memberworks, Inc.*, 2008 U.S. Dist. LEXIS 79189, at *6 (S.D.
2  Cal. Sept. 30, 2008) (citing *Janakes v. U.S. Postal Serv.*, 768 F.2d 1091, 1093 (9th Cir.
3  1985)). The party seeking relief under the Declaratory Judgment Act must demonstrate
4  constitutional standing under Article III of the United States Constitution because
5  declaratory judgment jurisdiction extends only to actual "cases or controversies."
6  *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007). "If a case is not ripe for
7  review, then there is no case or controversy, and the court lacks subject-matter
8  jurisdiction." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) (citing
9  *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994)). In determining whether a
10 case or controversy exists for declaratory judgment purposes, the Supreme Court noted that
11 "the question in each case is whether the facts alleged, under all circumstances, show that
12 there is a substantial controversy, between the parties having legal interests, of sufficient
13 immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland. Cas.*
14 *Co. V. Pacific Coal & Oil Co., et al.*, 312 U.S. 270, 273 (1941). "The purpose of the
15 Declaratory Judgment Act is to give litigants an early opportunity to resolve federal issues
16 to avoid 'the threat of impending litigation.'" *Biodiversity Legal Found. v. Badgley*, 309
17 F.3d 1166, 1172 (9th Cir. 2002) (quoting *Seattle Audubon Soc'y v. Moseley*, 80 F.3d 1401,
18 1405 (9th Cir. 1996)).

19         On October 30, 2008, RA Medical issued a press release announcing that the
20 company was filing a lawsuit for malicious prosecution against Photomedex based on the
21 underlying federal action. The following day RA Medical filed a lawsuit in state court for
22 malicious prosecution against Photomedex. Photomedex filed the Complaint for
23 Declaratory Judgment in response to the malicious prosecution lawsuit, requesting this
24 Court issue a declaration that Photomedex did not act maliciously in the underlying federal
25 action in order to avoid the threat of impending litigation aimed at damaging Photomedex's
26 business. Viewing the facts in a light most favorable to the Plaintiff, the Complaint alleges
27 facts to support a substantial case or controversy between these two parties of sufficient
28 immediacy and reality to warrant declaratory relief.

**II. Motion to Dismiss for Failure to State a Claim**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the "right of relief above the speculative level." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show "that the pleader is entitled to relief." *See id.* (citing Fed. R. Civ. P. 8(a)(2)). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Robertson v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1981). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (9th Cir. 2001).

RA Medical contends that the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. RA Medical contends that Photomedex failed to state a claim upon which relief can be granted because Photomedex failed to establish that an actual case or controversy has arisen in federal court and the allegations fail to rise above mere conclusory statements. As noted above, the Supreme Court stated that the court must determine whether a substantial controversy exists between the parties of sufficient immediacy to warrant the issuance of a declaratory judgment. *Maryland. Cas. Co.*, 312 U.S. at 273. The Complaint alleges that a declaration determining whether Photomedex acted maliciously in the underlying federal action is appropriate to "extinguish the continued threat of a malicious prosecution lawsuit by Ra Medical against Photomedex and prevent avoidable damage to Photomedex's business." *Complaint*, p. 4. Viewing the

1  facts in a light most favorable to the Plaintiff, the Complaint alleges facts to support that a
2  substantial controversy exists between the parties and the allegations rise above a purely
3  speculative level to warrant declaratory relief.

## CONCLUSION

5  The Court concludes that the jurisdictional prerequisites to hear a case under the
6  Declaratory Judgment Act have been satisfied. However, even where a suit "passes
7  constitutional and statutory muster, the district court must also be satisfied that entertaining
8  the action is appropriate. This determination is discretionary, for the Declaratory Judgment
9  Act is 'deliberately cast in terms of permissive, rather than mandatory, authority.'" *Dizol*,
10 133 F.3d at 1223 (quoting *Pub. Serv. Comm'n of Utah v. Wycoff*, 344 U.S. 237, 250
11 (1952)). The parties shall address in writing whether the Court should abstain from
12 exercising its jurisdiction under the Declaratory Judgment Act pursuant to the *Brillhart*
13 factors and its progeny.

14  IT IS HEREBY ORDERED that the Motion to Dismiss (Doc. # 5) is denied. The
15 parties are ORDERED to file briefs addressing whether the court should abstain from
16 exercising its jurisdiction under the Declaratory Judgment Act within 30 days of the date of
17 this order.

18 DATED: April 29, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge